# EXHIBIT "A"

**FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM**
NYSCEF DOC. NO. 1

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------

FUNDING METRICS, LLC,

                                       **Plaintiff,**

              -against-

COMMERCIAL CREDIT COUNSELING SERVICES,
INC. d/b/a CORPORATE TURNAROUND,

                                  **Defendant.**

------------------------------------------------------------X

Index No.: 616254/2018

**SUMMONS**
Plaintiff designates Nassau County
as the place of trial

Venue is proper in Nassau because
at least one claim is for fraudulent
transfer arising from a judgment in
Nassau County.

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of
your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day
of service ( or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Tarrytown, New York
        December 5, 2018

                              STEIN ADLER DABAH & ZELKOWITZ, LLP
                              Attorneys for Plaintiff Funding Metrics, LLC

                              /s/ Christopher R. Murray
                              Christopher R. Murray, Esq.
                              520 White Plains Road, Suite 500 – Office 5095
                              Tarrytown, New York 10591
                              Tel: (212) 867-5620
                              E-Mail: cmurray@steinadlerlaw.com

Defendants' Addresses:
COMMERCIAL CREDIT COUNSELING SERVICES, INC.
d/b/a CORPORATE TURNAROUND
95 Route 17 South
Paramus, NJ 07652

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

--------------------------------------------------------------

FUNDING METRICS, LLC,                           Index No.: 616254/2018

                Plaintiff,

      -against-                                 **VERIFIED COMPLAINT**

COMMERCIAL CREDIT COUNSELING SERVICES,
INC. d/b/a CORPORATE TURNAROUND,

                Defendant.

--------------------------------------------------------------X

      Plaintiff, Funding Metrics, LLC, by and through its attorneys, Stein Adler Dabah &

Zelkowitz, LLP, alleges as follows:

      1.     Plaintiff, Funding Metrics, LLC, is a Delaware Limited Liability Company with

offices in Pennsylvania, New Jersey, and New York, and is duly registered to do business in the

State of New York.

      2.     Funding Metrics is principally engaged in the business of purchasing future

accounts receivable from other business entities in accordance with the Uniform Commercial Code

as adopted by the State of New York. Most of Funding Metrics' business, including all

transactions relevant to this action, is governed by New York law and takes place in New York.

      3.     Defendant, Commercial Credit Counseling Services, Inc. d/b/a Corporate

Turnaround, is a corporation organized under the laws of the State of New Jersey with its principal

place of business in New Jersey.

      4.     Defendant holds itself out as a debt settlement, budget planning, debt prorating,

debt pooling, and/or debt adjustment company.

      5.     Defendant's principal business is the intentional and tortious interference with New

York contracts, the conversion of accounts receivable that were sold to entities in New York,

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

facilitating, coaching, and engaging in fraudulent transfers to hinder, stymie and delay New York judgment enforcement by New York creditors, and actively engaging in trade libel and product disparagement to harm commercial accounts receivable purchasers in New York.

6.      Defendant does not have a license to engage in debt settlement, budget planning, debt prorating, debt pooling, or debt adjustment in New York, New Jersey, or any other relevant jurisdiction.

7.      Defendant is not a law firm and is not licensed to practice law in New York, New Jersey, or any other jurisdiction.

8.      Defendant regularly and systemically transacts business in the State of New York.

9.      Defendant has committed tortious acts in New York and tortious acts that injured Funding Metrics in New York.

10.      Defendant is subject to the general and specific jurisdiction of New York's courts.

11.      Defendant has availed itself of and consented to New York jurisdiction by commencing at least one New York litigation in the last decade. Defendant has been a party in at multiple similar litigations in the Supreme Court of the State of New York since 2014.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Tortious Interference With Contract)

12.      Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

13.      On or about July 29, 2016, Plaintiff entered into an agreement in New York to purchase future accounts receivable in the amount of $58,000.00 for the upfront purchase price of $40,000.00 with All Valley Plumbing Inc. and Mary Sandbrink, California residents.

14.      Defendant had actual and constructive knowledge of the July 29, 2016, agreement and its terms.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

15.     On or about August 30, 2016, Defendant falsely and deceptively represented to All Valley Plumbing Inc. and Mary Sandbrink that it was a licensed debt settlement, debt prorating, debt pooling, and/or debt adjustment company.

16.     On or about August 30, 2016, Defendant induced All Valley Plumbing Inc. and Mary Sandbrink to breach the July 29, 2016, agreement.

17.     Defendant persuaded All Valley Plumbing Inc. and Mary Sandbrink to participate in a scheme whereby All Valley Plumbing Inc. and Mary Sandbrink would withhold and divert the receivables sold to Plaintiff into an account controlled by Defendant so that Defendant could coerce Plaintiff into surrendering its right to all or part of its purchased accounts receivable to Defendant, All Valley Plumbing Inc. and Mary Sandbrink.

18.     On or about August 31, 2016, defendant actually, intentionally, wrongfully, maliciously, and tortiously procured a breach of the July 29, 2016, agreement.

19.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the amount of the $47,561.41 of proceeds of accounts receivable withheld and diverted to Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment or, alternatively, conversion)

20.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 above as though fully set forth herein as length.

21.     Plaintiff is the sole, lawful, and exclusive owner of the $47,561.41 of proceeds of accounts receivable withheld and diverted to Defendant by All Valley Plumbing Inc. and Mary Sandbrink.

22.     Defendant is unlawfully in possession of the $47,561.41 of proceeds of accounts receivable withheld and diverted to Defendant by All Valley Plumbing Inc. and Mary Sandbrink

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

23.   Defendant has actual notice that the $47,561.41 of proceeds of accounts receivable withheld and diverted to Defendant by All Valley Plumbing Inc. and Mary Sandbrink are the sole and exclusive property of Plaintiff.

24.   Defendant has refused to turnover, deliver, remit or forward all or part of the $47,561.41 of proceeds of accounts receivable withheld and diverted to Defendant by All Valley Plumbing Inc. and Mary Sandbrink.

25.   Defendant has taken, spent, and used some or all of the $47,561.41 of proceeds of accounts receivable for its own benefit.

26.   Plaintiff has been deprived of its use, enjoyment, and lawful possession of the $47,561.41 of proceeds of accounts receivable.

27.   Defendant has been enriched at Plaintiff's expense.

28.   It is against equity and good conscience to permit Defendant to retain the $47,561.41 of proceeds of accounts receivable that it possesses and keeps at Plaintiff's expense.

29.   As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the amount of the $47,561.41 of proceeds of accounts receivable withheld by Defendant.

### AS AND FOR A THIRD CAUSE OF ACTION
#### (Tortious Interference With Contract)

30.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

31.   On or about October 19, 2017, Plaintiff entered into an agreement in New York to purchase future accounts receivable in the amount of $100,100.00 for the upfront purchase price of $70,000.00 with Frank Good Construction Inc. and Frank Good, Oklahoma residents.

32.   Defendant had actual and constructive knowledge of the October 19, 2017, agreement and its terms.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

33.     On or about November 7, 2017, Defendant falsely and deceptively represented to Frank Good Construction Inc. and Frank Good that it was a licensed debt settlement, debt prorating, debt pooling, and/or debt adjustment company.

34.     On or about November 9, 2017, Defendant induced Frank Good Construction Inc. and Frank Good to breach the October 19, 2017, agreement.

35.     Defendant persuaded Frank Good Construction Inc. and Frank Good to participate in a scheme whereby Frank Good Construction Inc. and Frank Good would withhold and divert the receivables sold to Plaintiff into an account controlled by Defendant so that Defendant could coerce Plaintiff into surrendering its right to all or part of its purchased accounts receivable to Defendant, Frank Good Construction Inc. and Frank Good.

36.     On or about November 9, 2017, defendant actually, intentionally, wrongfully, maliciously, and tortiously procured a breach of the October 19, 2017, agreement.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the amount of the $92,516.60 of proceeds of accounts receivable withheld and diverted to Defendant.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### (Unjust Enrichment or, alternatively, conversion)

38.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 and 30 through 37 above as though fully set forth herein as length.

39.     Plaintiff is the sole, lawful, and exclusive owner of the $92,516.60 of proceeds of accounts receivable withheld and diverted to Defendant by Frank Good Construction Inc. and Frank Good.

40.     Defendant is unlawfully in possession of the $92,516.60 of proceeds of accounts receivable withheld and diverted to Defendant by Frank Good Construction Inc. and Frank Good.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

41.     Defendant has actual notice that the $92,516.60 of proceeds of accounts receivable withheld and diverted to Defendant by Frank Good Construction Inc. and Frank Good are the sole and exclusive property of Plaintiff.

42.     Defendant has refused to turnover, deliver, remit or forward all or part of the $92,516.60 of proceeds of accounts receivable withheld and diverted to Defendant by Frank Good Construction Inc. and Frank Good.

43.     Defendant has taken, spent, and used some or all of the $92,516.60 of proceeds of accounts receivable for its own benefit.

44.     Plaintiff has been deprived of its use, enjoyment, and lawful possession of the $92,516.60 of proceeds of accounts receivable.

45.     Defendant has been enriched at Plaintiff's expense.

46.     It is against equity and good conscience to permit Defendant to retain the $92,516.60 of proceeds of accounts receivable that it possesses and keeps at Plaintiff's expense.

47.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the amount of the $92,516.60 of proceeds of accounts receivable withheld by Defendant.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Tortious Interference With Contract)

48.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

49.     On or about July 18, 2016, Plaintiff entered into an agreement in New York to purchase future accounts receivable in the amount of $73,000.00 for the upfront purchase price of $50,000.00 with Rasa Sayang Corporation and Guat N Teoh, Delaware residents.

50.     Defendant had actual and constructive knowledge of the July 18, 2016, agreement and its terms.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

51.     On or about August 22, 2016, Defendant falsely and deceptively represented to Rasa Sayang Corporation and Guat N Teoh that it was a licensed debt settlement, debt prorating, debt pooling, and/or debt adjustment company.

52.     On or about August 23, 2016, Defendant induced Rasa Sayang Corporation and Guat N Teoh to breach the July 18, 2016, agreement.

53.     Defendant persuaded Rasa Sayang Corporation and Guat N Teoh to participate in a scheme whereby Rasa Sayang Corporation and Guat N Teoh would withhold and divert the receivables sold to Plaintiff into an account controlled by Defendant so that Defendant could coerce Plaintiff into surrendering its right to all or part of its purchased accounts receivable to Defendant, Rasa Sayang Corporation and Guat N Teoh.

54.     On or about August 23, 2016, defendant actually, intentionally, wrongfully, maliciously, and tortiously procured a breach of the July 18, 2016, agreement.

55.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the amount of the $57,736.28 of proceeds of accounts receivable withheld and diverted to Defendant.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Unjust Enrichment or, alternatively, conversion)

56.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 and 48 through 55 above as though fully set forth herein as length.

57.     Plaintiff is the sole, lawful, and exclusive owner of the $57,736.28 of proceeds of accounts receivable withheld and diverted to Defendant by Rasa Sayang Corporation and Guat N Teoh.

58.     Defendant is unlawfully in possession of the $57,736.28 of proceeds of accounts receivable withheld and diverted to Defendant by Rasa Sayang Corporation and Guat N Teoh.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

59.     Defendant has actual notice that the $57,736.28 of proceeds of accounts receivable withheld and diverted to Defendant by Rasa Sayang Corporation and Guat N Teoh are the sole and exclusive property of Plaintiff.

60.     Defendant has refused to turnover, deliver, remit or forward all or part of the $57,736.28 of proceeds of accounts receivable withheld and diverted to Defendant by Rasa Sayang Corporation and Guat N Teoh.

61.     Defendant has taken, spent, and used some or all of the $57,736.28 of proceeds of accounts receivable for its own benefit.

62.     Plaintiff has been deprived of its use, enjoyment, and lawful possession of the $57,736.28 of proceeds of accounts receivable.

63.     Defendant has been enriched at Plaintiff's expense.

64.     It is against equity and good conscience to permit Defendant to retain the $57,736.28 of proceeds of accounts receivable that it possesses and keeps at Plaintiff's expense.

65.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the amount of the $57,736.28 of proceeds of accounts receivable withheld by Defendant.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Fraudulent Transfer)

66.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

67.     Plaintiff obtained a judgment against Buzzy's Foods, Inc. and Nicholas Renesis on February 8, 2017, in Funding Metrics, LLC v. Buzzy's Foods, Inc., et al, Index Number 51831/2017, Supreme Court, Westchester County, in the amount $54,622.35.

68.     On or about February 14, 2017, Defendant notified Plaintiff that it was aware of the judgment against Buzzy's Foods, Inc.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

69.     On February 14, 2017, Defendant notified Plaintiff that Buzzy's Foods, Inc. was unable to satisfy all or part of the judgment.

70.     On February 14, 2017, that it would take possession of some of Buzzy's Foods, Inc.

71.     Defendant holds out that it takes money from judgment debtors, negotiates drastic reductions and then distributes funds to creditors that accept the reduced payments and reduced balances. Defendant does not tell creditors or debtors that their principal goal is to charge upfront fees and management services for holding funds for long periods of time without negotiating with creditors, settling anything, or rendering any meaningful services.

72.     From February 14, 2017, to the present, Defendant has taken in funds from Buzzy's Foods, Inc., has not performed any meaningful services, collects money, and has done nothing but hinder, delay, and stymie Plaintiff's judgment enforcement efforts against Buzzy's Foods Inc.

73.     Part of Defendant's scheme to hinder, delay, and stymie judgment enforcement is to take the judgment debtor's funds, and place them in an account which belongs to the judgment debtor but is not in the judgment debtor's name.

74.     Buzzy's Foods, Inc. has not received lawful or adequate consideration for its transfers to Defendant.

75.     As a result of the transfers to Defendant, Buzzy's Foods Inc. has been unable to satisfy any part of the judgment.

76.     Defendant is collaterally estopped from contesting that it is a fraudulent transferee because its transactions have consistently been held by the Courts to be fraudulent transfers.

77.     Indeed, the Superior Court of Connecticut has previously voided Defendant's transactions in Connecticut as fraudulent as to creditors and explicitly held that its transactions are "undertaken to hinder, delay and defraud creditors in violation of the Connecticut Uniform

Fraudulent Transfer Act." *Sarco Diamond Corp. v. Sullivan's Jewelers, Inc.*, 2004 Conn. Super. LEXIS 3045, *8 (Conn. Super. Ct. 2004).

78.    The Indiana Court of Appeals reached a similar conclusion in affirming an Order holding transfers to Defendant were fraudulent and affirming contempt orders in two consolidated proceedings on appeal. *Commer. Credit Counseling Servs. v. W.W. Grainger, Inc.*, 840 N.E.2d 843 (Ind. Ct. App. 2006).

79.    Upon information and belief, Defendant was the recipient of $54,622.35 in fraudulently transferred funds, and Plaintiff is entitled to recover same.

80.    The transfers of funds to Defendant by Buzzy's Foods Inc. were fraudulent transfers and Plaintiff is entitled to recover the transferred funds, and its attorneys' fees from Defendant.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Fraudulent Transfer)

81.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

82.    Plaintiff obtained a judgment against RD Xpress, Inc. and Ranjit S. Dhaliwal on August 30, 2018, in *Funding Metrics, LLC v. RD Xpress, Inc., et al*, Index Number 813657/2018, Supreme Court, Erie County, in the amount $156,152.67.

83.    On or about September 6, 2018, Defendant notified Plaintiff that it was aware of the judgment against RD Xpress, Inc.

84.    On September 6, 2018, Defendant notified Plaintiff that RD Xpress, Inc. was unable to satisfy all or part of the judgment.

85.    On September 6, 2018, that it would take possession of some of RD Xpress, Inc.

86.    Defendant holds out that it takes money from judgment debtors, negotiates drastic reductions and then distributes funds to creditors that accept the reduced payments and reduced

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

balances. Defendant does not tell creditors or debtors that their principal goal is to charge upfront fees and management services for holding funds for long periods of time without negotiating with creditors, settling anything, or rendering any meaningful services.

87. From September 6, 2018, to the present, Defendant has taken in funds from RD Xpress, Inc., has not performed any meaningful services, collects money, and has done nothing but hinder, delay, and stymie Plaintiff's judgment enforcement efforts against RD Xpress, Inc.

88. Part of Defendant's scheme to hinder, delay, and stymie judgment enforcement is to take the judgment debtor's funds, and place them in an account which belongs to the judgment debtor but is not in the judgment debtor's name.

89. RD Xpress, Inc. has not received lawful or adequate consideration for its transfers to Defendant.

90. As a result of the transfers to Defendant, RD Xpress, Inc. has been unable to satisfy any part of the judgment.

91. Defendant is collaterally estopped from contesting that it is a fraudulent transferee because its transactions have consistently been held by the Courts to be fraudulent transfers. *Sarco Diamond Corp. v. Sullivan's Jewelers, Inc.*, 2004 Conn. Super. LEXIS 3045, *8 (Conn. Super. Ct. 2004); *Commer. Credit Counseling Servs. v. W.W. Grainger, Inc.*, 840 N.E.2d 843 (Ind. Ct. App. 2006).

92. Upon information and belief, Defendant was the recipient of $156,152.67 in fraudulently transferred funds, and Plaintiff is entitled to recover same.

93. The transfers of funds to Defendant by RD Xpress, Inc. were fraudulent transfers and Plaintiff is entitled to recover the transferred funds, and its attorneys' fees from Defendant.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM

NYSCEF DOC. NO. 2

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

## AS AND FOR A NINTH CAUSE OF ACTION
### (Fraudulent Transfer)

94.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

95.    Plaintiff obtained a judgment against Salomone Transportation Limited Liability Company and Alfredo Salomone on August 9, 2018, in Funding Metrics, LLC v. Salomone Transportation Limited Liability Company, et al, Index Number 610628/2018, Supreme Court, Nassau County, in the amount $43,150.09.

96.    On or about October 5, 2018, Defendant notified Plaintiff that it was aware of the judgment against Salomone Transportation Limited Liability Company.

97.    On October 5, 2018, Defendant notified Plaintiff that Salomone Transportation Limited Liability Company was unable to satisfy all or part of the judgment.

98.    On October 5, 2018, that it would take possession of some of Salomone Transportation Limited Liability Company.

99.    Defendant holds out that it takes money from judgment debtors, negotiates drastic reductions and then distributes funds to creditors that accept the reduced payments and reduced balances. Defendant does not tell creditors or debtors that their principal goal is to charge upfront fees and management services for holding funds for long periods of time without negotiating with creditors, settling anything, or rendering any meaningful services.

100.    From October 5, 2018, to the present, Defendant has taken in funds from Salomone Transportation Limited Liability Company, has not performed any meaningful services, collects money, and has done nothing but hinder, delay, and stymie Plaintiff's judgment enforcement efforts against Salomone Transportation Limited Liability Company.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
. NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

101.    Part of Defendant's scheme to hinder, delay, and stymie judgment enforcement is to take the judgment debtor's funds, and place them in an account which belongs to the judgment debtor but is not in the judgment debtor's name.

102.    Salomone Transportation Limited Liability Company has not received lawful or adequate consideration for its transfers to Defendant.

103.    As a result of the transfers to Defendant, Salomone Transportation Limited Liability Company has been unable to satisfy any part of the judgment.

104.    Defendant is collaterally estopped from contesting that it is a fraudulent transferee because its transactions have consistently been held by the Courts to be fraudulent transfers. *Sarco Diamond Corp. v. Sullivan's Jewelers, Inc.*, 2004 Conn. Super. LEXIS 3045, *8 (Conn. Super. Ct. 2004); *Commer. Credit Counseling Servs. v. W.W. Grainger, Inc.*, 840 N.E.2d 843 (Ind. Ct. App. 2006).

105.    Upon information and belief, Defendant was the recipient of $43,150.09 in fraudulently transferred funds, and Plaintiff is entitled to recover same.

106.    The transfers of funds to Defendant by Salomone Transportation Limited Liability Company were fraudulent transfers and Plaintiff is entitled to recover the transferred funds, and its attorneys' fees from Defendant.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Fraudulent Transfer)

107.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 above as though fully set forth herein as length.

108.    Plaintiff obtained a judgment against Salomone Transportation Limited Liability Company and Alfredo Salomone on August 9, 2018, in *Funding Metrics, LLC v. Salomone*

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

Transportation Limited Liability Company, et al, Index Number 610628/2018, Supreme Court, Nassau County, in the amount $43,150,09.

109. On or about October 5, 2018, Defendant notified Plaintiff that it was aware of the judgment against Salomone Transportation Limited Liability Company.

110. On October 5, 2018, Defendant notified Plaintiff that Salomone Transportation Limited Liability Company was unable to satisfy all or part of the judgment.

111. On October 5, 2018, that it would take possession of some of Salomone Transportation Limited Liability Company.

112. Defendant holds out that it takes money from judgment debtors, negotiates drastic reductions and then distributes funds to creditors that accept the reduced payments and reduced balances. Defendant does not tell creditors or debtors that their principal goal is to charge upfront fees and management services for holding funds for long periods of time without negotiating with creditors, settling anything, or rendering any meaningful services.

113. From October 5, 2018, to the present, Defendant has taken in funds from Salomone Transportation Limited Liability Company, has not performed any meaningful services, collects money, and has done nothing but hinder, delay, and stymie Plaintiff's judgment enforcement efforts against Salomone Transportation Limited Liability Company.

114. Part of Defendant's scheme to hinder, delay, and stymie judgment enforcement is to take the judgment debtor's funds, and place them in an account which belongs to the judgment debtor but is not in the judgment debtor's name.

115. Salomone Transportation Limited Liability Company has not received lawful or adequate consideration for its transfers to Defendant.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

116.   As a result of the transfers to Defendant, Salomone Transportation Limited Liability Company has been unable to satisfy any part of the judgment.

117.   Defendant is collaterally estopped from contesting that it is a fraudulent transferee because its transactions have consistently been held by the Courts to be fraudulent transfers. *Sarco Diamond Corp. v. Sullivan's Jewelers, Inc.*, 2004 Conn. Super. LEXIS 3045, *8 (Conn. Super. Ct. 2004); *Commer. Credit Counseling Servs. v. W.W. Grainger, Inc.*, 840 N.E.2d 843 (Ind. Ct. App. 2006).

118.   Upon information and belief, Defendant was the recipient of $43,150.09 in fraudulently transferred funds, and Plaintiff is entitled to recover same.

119.   The transfers of funds to Defendant by Salomone Transportation Limited Liability Company were fraudulent transfers and Plaintiff is entitled to recover the transferred funds, and its attorneys' fees from Defendant.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Injurious Falsehood)

120.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 119 above as though fully set forth herein as length.

121.   Upon information and belief, on or about June 29, 2015, Defendant contacted Hitman's Towing, LLC and Kristen Reynders via telephone and falsely represented that Plaintiff's contracts with Hitman's Towing, LLC, did not provide any means of adjusting payments because they were not actual purchases of future accounts receivable and, therefore, any change in payments would require Hitman's Towing, LLC and Kristen Reynders to breach their agreement with Plaintiff and retain Defendant to negotiate on their behalf.

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

122.    Upon information and belief, on or about June 29, 2015, Defendant contacted Hitman's Towing, LLC and Kristen Reynders via telephone and falsely represented that Plaintiff would be willing to negotiate with Defendant.

123.    As a direct and proximate result of Defendant's false and disparaging remarks, Hitman's Towing, LLC and Kristen Reynders actually breached the agreement and caused Plaintiff to sustain at least $8,650.78, the amount of the accounts receivable that were actually generated but not delivered to Plaintiff.

124.    Upon information and belief, on or about September 27, 2018, Defendant contacted WD Welding Services LLC and Aaron Miller via telephone and falsely represented that Plaintiff's contracts with WD Welding Services LLC did not provide any means of adjusting payments because they were not actual purchases of future accounts receivable and, therefore, any change in payments would require WD Welding Services LLC and Aaron Miller to breach their agreement with Plaintiff and retain Defendant to negotiate on their behalf.

125.    Upon information and belief, on or about September 27, 2018, Defendant contacted WD Welding Services LLC and Aaron Miller via telephone and falsely represented that Plaintiff would be willing to negotiate with Defendant.

126.    As a direct and proximate result of Defendant's false and disparaging remarks, WD Welding Services LLC and Aaron Miller actually breached the agreement and caused Plaintiff to sustain at least $20,611.55, the amount of the accounts receivable that were actually generated but not delivered to Plaintiff.

127.    For the last three years, Defendant has systematically, continuously, and regularly contacted Plaintiff's customers and clients and has falsely represented that Plaintiff's contracts with each customer and client did not provide any means of adjusting payments because they were

**FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM**
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

not actual purchases of future accounts receivable and, therefore, any change in payments would require the customer or client to breach their agreement with Plaintiff and retain Defendant to negotiate on their behalf.

128.     For the last three years, Defendant has systematically, continuously, and regularly contacted Plaintiff's customers and clients and has falsely represented that Plaintiff would be willing to negotiate with Defendant.

129.     As a direct and proximate result of Defendant's false and disparaging remarks, Plaintiff has systematically, continuously, and regularly sustained harms and has been deprived of accounts receivables that it lawfully purchased, lost profits, and lost future business from its existing clients and customers.

WHEREFORE, Plaintiff, Funding Metrics, LLC, demands judgment from the Defendant, COMMERCIAL CREDIT COUNSELING SERVICES, INC. d/b/a CORPORATE TURNAROUND, in an amount greater than $1,000,000.00, the costs and disbursements of this action, Plaintiff's reasonable attorneys' fees, and pre-judgment interest at the statutory rate.

Dated: Tarrytown, New York
      November 9, 2018

                STEIN ADLER DABAH & ZELKOWITZ, LLP
                Attorneys for Plaintiff Funding Metrics, LLC

                /s/ Christopher R. Murray
                Christopher R. Murray, Esq.
                520 White Plains Road, Suite 500 – Office 5095
                Tarrytown, New York 10591
                Tel: (212) 867-5620
                E-Mail: cmurray@steinadlerlaw.com

FILED: NASSAU COUNTY CLERK 12/05/2018 01:08 PM
NYSCEF DOC. NO. 2

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

## VERIFICATION

STATE OF PENNSYLVANIA            )
                                 )
COUNTY OF Bucks                  )

Anthony Nocera, being duly sworn, deposes and states:

I, Anthony Nocera, am Executive Director of Legal Services for Plaintiff, Funding Metrics,

LLC.  I have read the foregoing Verified Complaint and know the contents thereof.  The same are

true to my knowledge, except as to matters therein stated to be alleged on information and belief

and as to those matters, I believe them to be true.

Anthony Nocera, Executive Director of Legal Services
Funding Metrics, LLC

Sworn to before me on this
19th day of November, 2018

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Adam Huard, Notary Public
Newtown Twp., Bucks County
My Commission Expires Aug. 3, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

FILED: NASSAU COUNTY CLERK 12/05/2018 02:53 PM
NYSCEF DOC. NO. 3

INDEX NO. 616254/2018
RECEIVED NYSCEF: 12/05/2018

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NASSAU
------------------------------------------------------------x
FUNDING METRICS, LLC

                    Plaintiff/Petitioner,

          - against -                          Index No.616254/2018
COMMERCIAL CREDIT COUNSELING SERVIC

                    Defendant/Respondent.
------------------------------------------------------------x
### NOTICE OF ELECTRONIC FILING

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

- You are a Defendant/Respondent (a party) in this case.
                    (CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney:**  give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney:**   you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.

#### Benefits of E-Filing
You can:

- serve and file your documents electronically

- view your case file on-line

- limit your number of trips to the courthouse

- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or

- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

FILED: NASSAU COUNTY CLERK 12/05/2018 02:53 PM

NYSCEF DOC. NO. 3

INDEX NO. 616254/2018

RECEIVED NYSCEF: 12/05/2018

## Information for Attorneys

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site  https://iapps.courts.state.ny.us/nyscef/HomePage; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 12/5/18 _____

/s/ Christopher R. Murray
Name

Stein Adler Dabah & Zelkowitz, LLP

Firm Name

520 White Plains Rd, Suite 500, Office 5C
Address

212-867-5620
Phone

cmurray@steinadlerlaw.com
E-Mail

To:   COMMERCIAL CREDIT COUNS

95 Route 17 South

Paramus, NJ 07652

11/20/17